IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARIQ B. ALABBASSI,<br>　　*Plaintiff*,<br><br>v.<br><br>MARK T. ESPER,<br>　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 4:18-cv-03131<br>JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO**
**FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Mark T, Esper, the Secretary of the United States Army, moves to dismiss Plaintiff Tariq Alabbassi's case. Alabbassi's claims lack subject-matter jurisdiction and fail to state a claim for relief. For the reasons stated below, Esper moves to dismiss Alabbassi's suit with prejudice.

**I.**
**FACTUAL BACKGROUND**

In his complaint, Alabbassi makes the following allegations. Alabbassi, a Caucasian man of Kuwaiti/Arab descent, was a civilian employee of the Army who worked under a term appointment in the Civilian Expeditionary Workforce in Iraq, United States Army Central Command (USARCENT).[1] While there, Alabbassi had a term appointment as a Cultural Advisor (linguist), GS-0301-14.[2] Alabbassi applied for another term appointment as a Cultural Advisor, GS-0301-14, with the Office of Security Cooperation-Iraq (OSC-I).[3] Alabbassi was interviewed on October 15, 2011 where he contends that his interviewer, Brigadier General Roberts, asked him "what brought you to

---

[1] Docket Entry (DE) 3 at 9-10, 27
[2] DE 3 at 9.
[3] DE 3 at 12.

Houston?" and "where were you born?"[4] On October 30, 2011, Alabbassi discovered that he was not selected for the position.[5]

## II.
## NATURE AND STAGE OF PROCEEDINGS

Alabbassi alleges he was discriminated against on the basis of his national origin.[6] Specifically, Alabbassi contends that: (1) he was denied a request for a change in his service computation date on March 12, 2010; (2) his Joint Civilian Service Commendation Award was downgraded from a Meritorious Civilian Service Award in April, 2011[7]; (3) he was not selected for the "position he was already in" and felt uncomfortable with questions during the interview posed to him by the Chief of Staff, Brigadier General Bryan Roberts; and, (4) the Army terminated his employment.[8] Alabbassi initially contacted the Army Equal Employment Opportunity (EEO) Office on November 25, 2011 and filed a formal discrimination complaint on May 15, 2012.[9] The Equal Employment Opportunity Commission (EEOC) issued a final order on March 15, 2018.[10] Alabbassi brought suit on September 5, 2018 under Title VII of the Civil Rights Act of 1964.[11]

## III.
## STATEMENT OF THE ISSUE

A. Whether the Plaintiff timely filed his Complaint.

B. Whether the Plaintiff exhausted his administrative remedies.

C. Whether the Plaintiff stated a claim for national origin discrimination.

---

[4] DE 3 at 3.
[5] DE 3 at 10.
[6] DE 3 at 2.
[7] Although Alabbassi's complaint indicates the award was downgraded (DE 3 at 3), Alabbassi acknowledges that he ultimately received the higher award, the Meritorious Civilian Service Award. That is the award originally recommended. (DE 3 at 23).
[8] DE 3 at 2.
[9] DE 3 at 9-10, 17.
[10] DE 3 at 16.
[11] DE 1.

## IV.
## STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject matter jurisdiction.[12] Because federal courts are courts of limited jurisdiction, it is incumbent that the courts dismiss an action "whenever it appears that jurisdiction may be lacking."[13] In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[14] When a motion to dismiss for lack of jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[15]

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim if the court lacks subject-matter jurisdiction.[16] A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.[17] The party invoking federal jurisdiction bears the burden of proving its existence.[18] In addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness attaches to a plaintiff's allegations.[19]

Motions to dismiss for lack of subject-matter jurisdiction can attack a complaint on its face or on its facts.[20] A facial attack challenges the sufficiency of the complaint and requires the district court

---

[12] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).
[13] *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).
[14] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).
[15] *Crenshaw-Logal v. City of Abilene,* 436 F. App'x 306, 308 (5th Cir. 2011); *see also Wolcott v. Sebelius,* 635 F.3d 757 (5th Cir. 2011).
[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Owen Equip. & Rection Co. v. Kroger*, 437 U.S. 365, 374 (1978).
[17] *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 545 n.8 (5th Cir. 2008) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)).
[18] *Steel Co. v. Citizens for a Better Env'*, 523 U.S. 83, 103-04 (1998); *Warth v. Seldin*, 422 U.S. 490, 498 (1975).
[19] *Id.*
[20] *Id.*

to accept the allegations in the complaint as true.[21] A factual attack goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends.[22]

In a factual attack, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).[23] Also, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have jurisdiction."[24] However, subject matter jurisdiction and the merits of the case are considered intertwined when they are both dependent upon the same statute, and such cases should be resolved under Fed. R. Civ. P. 12(b)(6).[25]

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a 12(b)(6) motion, a plaintiff must frame a complaint with enough factual matter, taken as true, to suggest entitlement to relief.[26] "Factual allegations must raise a right to relief above the speculative level" and complaints that are no more than "labels and conclusions" or a "formulaic recitation of elements of a cause of action will not do."[27] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[28] Courts need not, however, accept a plaintiff's legal conclusions.[29] "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[30] A court may, however, consider

---

[21] *Id.*
[22] *Id.*
[23] *Id.*; *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157-58 (5th Cir. 1981) (unlike a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a motion to dismiss for lack of subject-matter jurisdiction may consider materials outside of the pleadings without it converting into a motion for summary judgment).
[24] *Id.*
[25] *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004).
[26] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[27] *Id. See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[28] *Ashcroft* at 679.
[29] *Id* at 678.
[30] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted); *Teamer v. Napolitano*, 11-cv-1808, 2012 WL 1551309, at *7 (S.D. Tex. May 1, 2012).

documents attached or referred to in the complaint without converting a 12(b)(6) motion into one for summary judgment.[31]

# V.
# ARGUMENT AND AUTHORITIES

### A. Plaintiff Failed to Timely File His Complaint.

Alabbassi's complaint must be dismissed because it is untimely. A plaintiff has ninety days to file his civil complaint after receiving a right to sue notice from the EEOC.[32] "The requirement that a party file a lawsuit within this ninety-day limitations period under Title VII…is strictly construed."[33] The Fifth Circuit has repeatedly dismissed cases in which the plaintiff fails to file a complaint within the ninety day limitation period.[34] "Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is received…"[35] "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."[36] The Fifth Circuit has found the EEOC's five-day presumption is reasonable.[37]

In this case, Alabbassi's EEOC's decision is dated March 15, 2018.[38] The decision was mailed to Alabbassi at P.O. Box 630441, Houston, Texas 77263, the same address Alabbassi includes in his complaint.[39] The decision contains a certificate of mailing, indicating that, for timeliness purposes, the decision is presumed received within five calendar days after mailing.[40] As such, Alabbassi would have

---

[31] *Tellabs, Inc. v. Makor Issued & Rights,* 551 U.S. 308 (2007); *Teamer,* 2012 WL 1551309, at *7.
[32] 42 U.S.C. § 2000e-5(f)(1); *Abano v. Chertoff,* 2007 U.S. Dist. LEXIS 51882, *7 (S.D. Tex. Jul 18, 2007)(citing, *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir. 1982).
[33] *Garcia v. Penske Logistics, L.L.C.,* 631 Fed. Appx. 204 208 (5th Cir. 2015); *citing, Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002).
[34] *Taylor,* 296 F.3d at 379.
[35] *Id.*
[36] *Id.*
[37] *Morgan v. Potter,* 489 F.3d 195 (5th Cir. 2007).
[38] DE 3 at 16.
[39] DE 3 at 1.
[40] DE 3 at 16.

to file his complaint no later than June 18, 2018. Alabbassi filed his original complaint on September 5, 2018; 169 days after receipt and well outside the period of limitations.[41]

Even with Alabbassi's allegations that he did not receive the notice until June 7, 2018, the law only allows Alabbassi an extra seven days to file his complaint.[42] Alabbassi cannot timely file his complaint any later than June 20, 2018. Therefore, Alabbassi's complaint is wholly untimely, and it must be dismissed with prejudice.

### B. Plaintiff Failed to Exhaust His Administrative Remedies as to his Claims Regarding his Request for a Change to Service Computation Date and his Downgraded Award.

Prior to commencing a Title VII suit in federal district court, a plaintiff must exhaust his or her remedies at the administrative level by asserting all claims in an administrative complaint and allowing the agency time to act on the complaint.[43] While the Fifth Circuit has not resolved the issue as to whether dismissal for failing to exhaust administrative remedies is considered a dismissal for lack of subject-matter jurisdiction or a dismissal for failing to state a claim for relief, Alabbassi cannot proceed on an unexhausted claim.[44]

The most basic requirement for exhausting a Title VII claim is that the plaintiff must present the claim to his employing agency in a formal EEO complaint.[45] To initiate the process, an employee "must initiate contact with an [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the action."[46] At the conclusion of this process, the employee receives a notice after which a "complaint must be filed with

---

[41] DE 1.
[42] DE 3 at 2; *Taylor*, 296 F.3d at 379.
[43] *Mogenhan v. Shinseki*, 630 F. Supp. 2d 56, 60 (D.D.C. 2009).
[44] *See Ruiz v. Brennan*, 851 F.3d 464, 472 (5th Cir. 2017); *Sarwal v. Shulkin*, No. 16-cv-247, 2017 WL 3008582, at *3 (S.D. Tex. Jul. 14, 2017).
[45] 29 C.F.R. § 1614.106(a) ("A complaint must be filed with the agency that allegedly discriminated against the complainant."); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976) ("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him.").
[46] 29 C.F.R. § 1614.105(a)(1).

the agency that allegedly discriminated against the complainant" within 15 days.[47] This "exhaustion requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision."[48]

"These procedural requirements governing plaintiff's right to bring a [discrimination] claim are not mere technicalities, but part and parcel of the Congressional design to vest in the federal agencies… primary responsibility for maintaining nondiscrimination in employment."[49] Further, by requiring employees to exhaust their administrative remedies, the law helps "to ensure that the federal courts are burdened only when reasonably necessary."[50]

Alabbassi's allegations and attached EEOC decision show that Alabbassi's first contact with an EEO Counselor was beyond the 45 day limit.[51] On claim (1), Alabbassi was informed that the request for change to the service computation date was denied on March 12, 2010.[52] On claim (2), Alabbassi became aware and made inquiries into the downgraded award in August 2011.[53] Alabbassi first contacted an EEO Counselor was on November 25, 2011, more than 45 days after he became aware of each claim.[54] Alabbassi's failure to commence his claims is fatal to these allegations.[55] As such, the Court must dismiss these claims with prejudice.[56]

Additionally, Alabbassi must exhaust the administrative process before filing in federal court.[57] Alabbassi wholly failed to even initiate a claim at the administrative level related to claim (4), his alleged

---

[47] 29 C.F.R. 1614.106 (a) and (b).
[48] *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks omitted).
[49] *Patterson v. Johnson*, 391 F.Supp.2d 140, 145 (D.D.C. 2005) (explaining exhaustion requirements in a Title VII case, which is governed by the same regulations) (citation and internal quotation marks omitted).
[50] *Id.*
[51] DE 3 at 3, 11-12.
[52] DE 3 at 3.
[53] DE 3 at 23, 27.
[54] DE 3 at 9-10 and 26-27 (EEO Counselor's Report).
[55] *Mogenhan*, 630 F. Supp. 2d at 60-61.
[56] *Id.*
[57] *Mogenhan*, 630 F. Supp. 2d at 60-61.

termination of employment.[58] Alabbassi's cannot raise his claim for termination of employment for the first time in this lawsuit. Accordingly, this claims must also be dismissed with prejudice.

### C. Plaintiff Failed To State a Claim for National Origin Discrimination.

Even if Alabbassi had exhausted his national origin claims, his suit still should be dismissed because he has failed to state a claim for relief. To state a *prima facie* claim of religious discrimination, Alabbassi must allege sufficient facts to establish that (1) he is a member of a protected class, (2) he is qualified for his position, (3) he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated more favorably.[59]

To survive a motion to dismiss, Alabbassi must allege facts to "establish all four elements of the case."[60] Alabbassi's discrimination claim fails because he has not alleged the existence of any similarly situated employees, with different national origins, who were treated more favorably. As such, Alabbassi cannot bring suit for discrimination on the basis of his national origin, and his case should be dismissed.

## VI.
## CONCLUSION

For the foregoing reasons, Alabbassi's complaint must be dismissed with prejudice.

---

[58] DE 3 at 2.
[59] *Urbano v. Continental Airlines, Inc.,* 138 F.3d 204, 206 (5th Cir. 1998), *cert. denied*, 525 U.S. 1000 (1998); *Lo v. FDIC,* 846 F. Supp. 557, 562 (S.D. Tex. 1994), *aff'd,* 52 F.3d 1066 (5th Cir. 1995).
[60] *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999).

Respectfully Submitted,

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
   Ariel N. Wiley
   Assistant United States Attorney
   Texas Bar No. 24093366
   Federal ID No. 2554283
   1000 Louisiana, Suite 2300
   Houston, Texas 77002
   Telephone: (713) 567-9000
   Facsimile: (713) 718-3303
   Email: ariel.wiley@usdoj.gov

   ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on November 30, 2018, the foregoing pleading was filed with the Court through the Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system and sent by certified mail to:

**Tariq Alabbassi**
PO Box 630441
Houston, TX 77263
Plaintiff Pro Se

   /s/ *Ariel N. Wiley*
   Ariel N. Wiley
   Assistant United States Attorney