IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARIQ B. ALABBASSI,<br>*Plaintiff*, | § § § § | |
| v. | § § | CASE NO. 4:18-cv-03131<br>**JURY TRIAL DEMANDED** |
| RYAN MCCARTHY,<br>*Defendant.* | § § § § | |

# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... II
TABLE OF AUTHORITIES .................................................................................................... III
FACTUAL BACKGROUND ..................................................................................................... 1
NATURE AND STAGE OF PROCEEDINGS ......................................................................... 1
STATEMENT OF THE ISSUE ................................................................................................. 2
UNDISPUTED MATERIAL FACTS ........................................................................................ 2
EXHIBITS .................................................................................................................................... 2
SUMMARY OF ARGUMENT ................................................................................................... 3
STANDARD OF REVIEW ......................................................................................................... 3
ARGUMENT AND AUTHORITIES ......................................................................................... 4
    A.    Plaintiff failed to timely file his complaint. ................................................................... 4
        i.    Standard. ................................................................................................................ 8
        ii.    Similarly situated employee. ................................................................................ 8
        iii.    Bona fide occupational qualifications. ................................................................. 9
    C.    Alabbassi does not have a claim under the *McDonnell Douglas* framework. ............ 10
CONCLUSION .......................................................................................................................... 11

## **TABLE OF AUTHORITIES**

Page(s)

Cases

*Alkhawaldeh v. Dow Chemical Co.*,
  851 F.3d 422 (5th Cir. 2017) ................................................................................................... 8

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................ 3, 4

*Baldwin County Welcome Ctr. v. Brown*,
  466 U.S. 147 (1984) ................................................................................................................ 6

*Bazan v. Hidalgo County*,
  246 F.3d 481 (5th Cir. 2001) ................................................................................................... 4

*Bell v. Veterans Administration Hospital*,
  826 F.2d 357 (5th Cir. 1987) ................................................................................................... 5

*Brown v. City of Houston, Tex.*,
  337 F.3d 539 (5th Cir. 2003) ................................................................................................... 4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................ 3, 4

*Dothard v. Rawlinson*,
  433 U.S. 321, (1977) ............................................................................................................... 9

*Douglass v. United Servs, Automobile Ass'n*,
  79 F.3d 1415 (5th Cir. 1996) ................................................................................................. 11

*Eastland v. Tennessee Valley Authority*,
  553 F.2d 364 (5th Cir.) ............................................................................................................ 5

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,
  504 U.S. 451 (1992) ................................................................................................................ 4

*EEOC v. Louisiana Office of Community Servs.*,
  47 F.3d 1438 (5th Cir. 1995) ................................................................................................. 10

*Garcia v. Penske Logistics, L.L.C.*,
  631 Fed. Appx. 204  (5th Cir. 2015) ....................................................................................... 5

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,
   879 F.2d 1005 (2d Cir. 1989) .................................................................................................4

*Hernandez v. Aldridge*,
   866 F.2d 800 (5th Cir. 1989) ...................................................................................................5

*Lee v. Kansas City S. Ry. Co.*,
   574 F.3d 253 (5th Cir. 2009) ...................................................................................................8

*Little v. Liquid Air Corp.*,
   37 F.3d 1069 (5th Cir. 1994) ...................................................................................................4

*Lo v. FDIC*,
   846 F. Supp. 557 (S.D. Tex. 1994) .........................................................................................8

*Martinez v. Schlumberger, Ltd.*,
   338 F.3d 407 (5th Cir. 2003) ...................................................................................................3

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792, (1973) .............................................................................................................10

*Morgan v. Potter*,
   489 F.3d 195 (5th Cir. 2007) ...................................................................................................5

*Nilsen v. City of Moss Point, Miss.*,
   674 F.2d 379 (5th Cir. 1982) ...................................................................................................5

*Odom v. Frank*,
   3 F.3d 839 (5th Cir. 1993) .....................................................................................................10

*Rhodes v. Guiberson Oil Tools*,
   75 F.3d 989 (5th Cir. 1996) ...................................................................................................10

*Scales v. Slater*,
   181 F.3d 703 (5th Cir. 1999) ...................................................................................................8

*St. Mary's Honor Ctr. v. Hicks*,
   509 U.S. 502, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993) ....................................................10

*Taylor v. Books A Million, Inc.*,
   296 F.3d 376 (5th Cir. 2002) ........................................................................................... 5, 6, 7

*Tutton v. Garland Indep. Sch. Dist.*,
   733 F. Supp. (N.D. Tex. 1990) ..............................................................................................10

*Urbano v. Continental Airlines, Inc.*,
   138 F.3d 204 (5th Cir. 1998) ...................................................................................................8

*Wallace v. Texas Tech Univ.*,
   80 F.3d 1042 (5th Cir. 1996) ................................................................................................. 4

Statutes

42 U.S.C. § 2000e-2(e)(1) ............................................................................................................. 9
42 U.S.C. § 2000e-5(f)(1) .............................................................................................................. 5
42 U.S.C. § 2000e-1 ...................................................................................................................... 5

Rules

FED. R. CIV. P. 56(c) .................................................................................................................... 3

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Ryan McCarthy, the Secretary of the United States Army, moves for summary judgment on Plaintiff Tariq Alabbassi's case.

## I.
## FACTUAL BACKGROUND

Alabbassi, a Caucasian man of Kuwaiti/Arab descent, was a civilian employee of the Army who worked under a term appointment in the Civilian Expeditionary Workforce in Iraq, United States Army Central Command (USARCENT).[1] While there, Alabbassi had a term appointment as a Cultural Advisor (linguist), GS-0301-14.[2] Alabbassi applied for another term appointment as a Cultural Advisor, GS-0301-14, with the Office of Security Cooperation-Iraq (OSC-I).[3] Alabbassi interviewed on October 15, 2011 where he contends that his interviewer, Brigadier General Roberts, asked him "what brought you to Houston?" and "where were you born?"[4] On October 30, 2011, Alabbassi discovered that he was not selected for the position.[5]

## II.
## NATURE AND STAGE OF PROCEEDINGS

Alabbassi alleges discrimination because of his national origin.[6] Specifically, Alabbassi contends that the Army: (1) failed to employ him, (2) terminate his employment, (3) did not appropriately credit him with his private sector experience, and (4) downgraded and delayed his award without justification.[7] Alabbassi initially contacted the Army Equal Employment Opportunity (EEO) Office on November 25, 2011 and filed a formal discrimination complaint on May 15, 2012.[8] The

---

[1] Docket Entry (DE) 20 at 9-10, 27
[2] DE 20 at 4.
[3] DE 20 at 4.
[4] DE 20 at 4.
[5] DE 20 at 4.
[6] DE 20 at 2.
[7] DE 20 at 3.
[8] DE 20 at 12 and 29.

1

Equal Employment Opportunity Commission (EEOC) issued a final order on March 15, 2018.[9] Alabbassi sued on September 5, 2018 under Title VII of the Civil Rights Act of 1964.[10] Defendant filed two motions to dismiss Alabbassi's complaint because it is untimely, he did not exhaust his administrative remedies, and he failed to state a claim.[11] The Court granted the motion in part. The only remaining claim is whether the Defendant did not select Alabbassi for the position solely because of his national origin.

## III.
## STATEMENT OF THE ISSUE

A. Whether the Plaintiff timely filed his Complaint.

B. Whether the Plaintiff stated a claim for national origin discrimination.

C. Whether the Plaintiff has a claim under the *McDonnell Douglas* framework.

## IV.
## UNDISPUTED MATERIAL FACTS

A. Alabbassi national origin is Kuwaiti.

B. Alabbassi applied for the position of Cultural Advisor working directly with, and for, the Commander, OSC-I, LTG Caslen.

C. Alabbassi interviewed for the position and was a non-select.

D. Chris Haddad was ultimately selected for the position.

## V.
## EXHIBITS

**Exhibit A:** Declaration of Bryan T. Roberts.

**Exhibit B:** EEOC Declaration of Bryan T. Roberts and Attached Exhibits.

**Exhibit C:** EEOC Summary of Evidence.

---

[9] DE 20 at 16.
[10] DE 1.
[11] DE 9 and 21.

2

# VI.
# SUMMARY OF ARGUMENT

Alabbassi claim fails as a matter of fact and law because there is no evidence that he was discriminated against because of his national origin. Alabbassi claims that he did not receive the cultural advisor position because he is from Kuwait. Alabbassi's claim, however, is based entirely on his subjective belief. The evidence shows that Alabbassi failed to timely file his complaint and the Court lacks jurisdiction. Even if Alabbassi did timely file, his case fails because he does not identify any similarly situated employees, outside of his protected class, treated more favorably than him. Additionally, if the Court were to assume Alabbassi was correct, then the Army would have a bona fide occupational qualification. Finally, under the *McDonnell Douglass* framework, the Department had a legitimate non-discriminatory reason for selecting someone other than Alabbassi for the position. Alabbassi's case fails as a matter of fact and law, thus, it should be dismissed with prejudice.

# VII.
# STANDARD OF REVIEW

A. **Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[12] The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which, if believed, demonstrate the absence of a genuine issue of material fact.[13] A defendant movant may discharge its burden by pointing out an absence of proof on any one of the essential elements of

---

[12] FED. R. CIV. P. 56(c).
[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).

3

the plaintiff's claim.[14] The moving party does not need negate the elements of the nonmovant's case.[15]

"A fact is '*material*' if it '*might affect* the outcome of the suit under governing law.'"[16] "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham."[17] Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[18]

Once a motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but *must present affirmative evidence*, setting forth specific facts, to show the existence of a genuine issue for trial.[19] Furthermore, "'only *reasonable* inferences can be drawn from the evidence in favor of the nonmoving party.'"[20] "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and [then] summary judgment should be granted."[21] The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence."[22] "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."[23]

## VIII.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff failed to timely file his complaint.

Alabbassi's complaint must be dismissed because it is untimely. A plaintiff has ninety days to

---

[14] *Celotex*, 477 U.S. at 325.
[15] *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir. 1996).
[16] *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original) (quoting *Anderson*, 477 U.S. at 248).
[17] *Bazan*, 246 F.3d at 489 (emphasis in original).
[18] *Anderson*, 477 U.S. at 248.
[19] *Celotex Corp.*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257.
[20] *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992) (emphasis in original) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1012 (2d Cir. 1989)).
[21] *Id.* at 468-69.
[22] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Anderson*, 477 U.S. at 247-48; *Wallace*, 80 F.3d at 1047.
[23] *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003).

file a civil complaint after receiving a right to sue notice from the EEOC.[24] "The requirement that a party file a lawsuit within this ninety-day limitations period under Title VII…*is strictly construed.*"[25] The Fifth Circuit has repeatedly dismissed cases in which the plaintiff fails to file a complaint within the ninety-day limitation period.[26] "Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is received…"[27] "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."[28] The Fifth Circuit has found the EEOC's five-day presumption is reasonable.[29]

Alabbassi claims that the Defendant waived the right to argue that Alabbassi's complaint is untimely but timeliness is a jurisdictional question and is not subject to waiver.

Civil actions under 42 U.S.C. § 2000e-16 are brought under a statutory waiver of sovereign immunity and are narrowly construed. As a result, the Fifth Circuit held that the limitations period for the filing of a civil complaint under Title VII is jurisdictional.[30] Because timely filing of a complaint in district court is jurisdictional, *it is not subject to waiver, estoppel or equitable tolling.*[31] Alabbassi's argument that the United States waived the right to challenge the timeliness of his complaint is not credible because the argument is jurisdictional and cannot be waived.

No law or Court has determined that, when a Plaintiff claims that his EEOC decision was late, that the EEOC must dispute the claim or else waive the right. Not only is a jurisdictional argument

---

[24] 42 U.S.C. § 2000e-5(f)(1); *Abano v. Chertoff*, 2007 U.S. Dist. LEXIS 51882, *7 (S.D. Tex. Jul 18, 2007)(citing, *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982).
[25] *Garcia v. Penske Logistics, L.L.C.*, 631 Fed. Appx. 204 208 (5th Cir. 2015) (emphasis added); *citing, Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).
[26] *Taylor*, 296 F.3d at 379.
[27] *Id.*
[28] *Id.*
[29] *Morgan v. Potter*, 489 F.3d 195 (5th Cir. 2007).
[30] *Eastland v. Tennessee Valley Authority*, 553 F.2d 364, 365 (5th Cir.), *cert. denied*, 434 U.S. 985, 98 S. Ct. 611, 54 L. Ed. 2d 479 (1977) followed in *Bell v. Veterans Administration Hospital*, 826 F.2d 357, 360-61 (5th Cir. 1987); *Hernandez v. Aldridge*, 866 F.2d 800, 802 (5th Cir. 1989).
[31] *Id* (emphasis added).

immune from waiver, but the EEOC is entitled to a presumption that the Plaintiff received the decision at or around the time that the decision was sent.[32] The Fifth Circuit found that, when the date that the Plaintiff received the allegations is in dispute, the Court provides, at most, an extra seven days to file the complaint.[33] Under the law, Alabbassi wholly failed to timely file his complaint within 90 days of the right to sue letter.[34]

Alabbassi attempts to circumvent this requirement by alleging that he is entitled to equitable tolling because he put forth a diligent effort. Equitable tolling is also barred because this is a jurisdictional argument.[35] Furthermore, the Supreme Court has found the excuse of equitable tolling to be insufficient.[36]

In *Baldwin County Welcome Center v. Brown*, the Plaintiff alleged that because she filed a right to sue letter and had made a diligent effort to file suit, she had tolled the time period.[37] The Supreme Court found that the Plaintiff had no legal basis for this conclusion.[38] The Court determined that "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."[39] The Court specifically noted that the EEOC warned Plaintiff three times of her deadline, and "One who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence."[40]

In this case, the day Alabbassi received the EEOC decision is in dispute. Alabbassi's EEOC decision is dated March 15, 2018.[41] The decision was mailed to the Army and Alabbassi.[42] The Army

---

[32] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).
[33] *Id* at 80.
[34] Docket Entry (DE) 20 at 10 and DE 1.
[35] *Eastland* at 365.
[36] *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150-151 (1984).
[37] *Id.*
[38] *Id* at 151.
[39] *Id* at 152.
[40] *Id.*
[41] DE 20 at 19.
[42] DE 20 at 19.

received a copy of the decision on March 23, 2018.[43] Alabbassi's decision was mailed to P.O. Box 630441, Houston, Texas 77263, the same address Alabbassi includes in his complaint.[44] The decision contains a certificate of mailing, indicating that, "For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed."[45] The Director of the Compliance and Control Division of the Office of Federal Operations checked the database regarding all appeals.[46] The database confirms that the EEOC decision was mailed via first class mail to Alabbassi at PO Box 630441, Houston, TX 77263.[47] There is no indication that the mailing was returned to the EEOC.[48] Given the date of the mailing, Alabbassi would need to file his complaint by June 18, 2018.

Alabbassi, however, filed his original complaint on September 5, 2018, 169 days after receipt and well outside the period of limitations.[49] Alabbassi claims that he did not receive the decision until June 7, 2018 and then unilaterally decided that his 90 days to file a civil action started that day.[50] Alabbassi's claim, however, has no basis in fact or law. The notice sent to Alabbassi specifically states that the Commission will presume that the decision was received within five days after it was mailed.[51] Alabbassi did not receive any notice from the Commission that they had changed their position or consented to his new deadline. Additionally, the law only allows, at most, an extra seven days to file a complaint.[52]

It is undisputed that Alabbassi received the June 6, 2018 email within the 90-day deadline, and he was aware that he needed to file suit within 90 days. Alabbassi chose to amend his deadline without

---

[43] DE 21-2.
[44] DE 20 at 19.
[45] DE 20 at 19.
[46] DE 21-1.
[47] DE 21-1.
[48] DE 21-1.
[49] DE 1.
[50] DE 20 at 9-10.
[51] DE 20 at 19.
[52] DE 3 at 2; *Taylor*, 296 F.3d at 379.

7

getting any approval from the Commission or the Court. Had Alabbassi filed by June 18, 2019, his lawsuit would have been timely. Alabbassi was aware of his deadline and made the decision to miss it by 79 days without any basis in fact or law. Therefore, Alabbassi's lawsuit is time barred and must be dismissed with prejudice.

### B. Plaintiff's claim for national origin discrimination fails as a matter of fact and law.

#### i. Standard.

Even if Alabbassi had exhausted his discrimination claims, his case should be dismissed because he has no evidence to support his allegations of national origin discrimination.

To state a *prima facie* claim of discrimination, Alabbassi must show that (1) he is a member of a protected class, (2) he is qualified for his position, (3) he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated more favorably.[53] To survive a motion for summary judgment, Alabbassi must allege facts and produce evidence to "establish all four elements of the case."[54]

#### ii. Similarly situated employee.

Alabbassi fails to state a prima facie case for discrimination because he fails to identify a similarly situated employee who was treated more favorably.

The Title VII "similarly situated" prong requires a claimant to "identify at least one coworker outside of his protected class who was treated more favorably 'under nearly identical circumstances.'"[55]

Alabbassi alleges that he was not selected for a cultural advisor position because of his national origin, specifically, he is from Kuwait/Arab. Alabbassi claims that he was asked Alabbassi does not identify any individual who was treated more favorably than he was, outside of his protected class.

---

[53] *Urbano v. Continental Airlines, Inc.,* 138 F.3d 204, 206 (5th Cir. 1998), *cert. denied*, 525 U.S. 1000 (1998); *Lo v. FDIC,* 846 F. Supp. 557, 562 (S.D. Tex. 1994), *aff'd,* 52 F.3d 1066 (5th Cir. 1995).
[54] *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999).
[55] *Alkhawaldeh v. Dow Chemical Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)).

8

Even with a liberal reading of Alabbassi's amended complaint, if the Court used the other applicants as similarly situated employees, the evidence shows that all the applications interviewed for the position were also from the Middle East.[56] Alabbassi fails to provide any facts or evidence that demonstrate that the other applicant's Middle Eastern country was treated more favorably than his Middle Eastern country. Furthermore, Alabbassi provides no evidence that the other applicants were similarly situated, with similar qualifications. Many of the applicants are better educated and have more experience[57]. Therefore, they do not qualify as similarly situated employees.[58]

Therefore, Alabbassi fails to present a prima facie case of national origin discrimination, and his case must be dismissed.

### iii. Bona fide occupational qualifications.

Even if the Alabbassi did present a valid discrimination claim, his case should still be dismissed because Alabbassi's national origin is a bona fide occupational qualification for the position of a cultural advisor.

The EEO Act permits discrimination in hiring and employment "where religion, sex, or national origin is a bona fide occupational qualification (BFOQ) reasonably necessary to the normal operation of that particular business or enterprise."[59] A BFOQ thus validates an occupational qualification that discriminates purposively.[60]

Alabbassi alleges that he did not receive the cultural advisor position because of his national origin. However, the position requires knowledge and experience with the Iraq culture. Alabbassi has no evidence that an individual's culture would not affect their ability to act as a cultural advisor. As such, the Defendant has a BFOQ to consider an interviewee's culture for the position of a cultural

---

[56] Exhibit A and B.
[57] Exhibit B.
[58] Exhibit B.
[59] 42 U.S.C. § 2000e-2(e)(1).
[60] *Dothard v. Rawlinson*, 433 U.S. 321, (1977).

9

advisor. Additionally, Alabbassi claimed that there is a belief that Iraqis do not like Kuwaitis.[61] The position requires constant interaction and advising regarding the people of Iraq, and their culture. Assuming *arguendo*, if the people of Iraq would not get along with someone from Kuwait, then that would be a BFOQ. As such, even if Alabbassi's allegations are correct, he still doesn't have a claim. Therefore, Alabbassi's case must be dismissed.

### C. Alabbassi does not have a claim under the *McDonnell Douglas* framework.

#### i. Standard

A circumstantial case is established under the familiar burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*.[62] The plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action taken. The defendant's burden is one of production, not of proof. If the defendant meets this production burden, the plaintiff must adduce evidence that would permit a reasonable trier of fact to find that the articulated reason is a pretext for intentional discrimination.[63]

Courts are not as well-qualified to evaluate the comparative qualifications of candidates for a position as the persons whose job it is to make those evaluations on a daily basis.[64] Consequently, evidence regarding a plaintiff's comparative qualifications will be insufficient to demonstrate pretext unless the evidence would allow a factfinder to conclude that the plaintiff was "clearly better qualified" for the position in question than the person to whom the job was given.[65]

Plaintiff's subjective belief that he was discriminated against is insufficient to raise a fact issue

---

[61] Exhibit C.
[62] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973).
[63] *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 992-93 (5th Cir. 1996) (en banc); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-14, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993); *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 113, 1116 (N.D. Tex. 1990) (at summary judgment stage, plaintiff must raise a fact issue).
[64] *Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993).
[65] *EEOC v. Louisiana Office of Community Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995).

once defendant has articulated nondiscriminatory reason for employment action.[66]

### ii. Defendant has a legitimate nondiscriminatory reason to choose someone else for the cultural advisor position.

Defendant did not choose Alabbassi for the cultural advisor position because Chris Hadden was better qualified.[67] At the time of the interviews, Mr. Haddad was working at the United States Forces – Iraq (USF-I) headquarters, a four-star command.[68] He worked directly for the USF-I Chief of Staff, a two-star general.[69] He had a firm grasp on strategic level planning, policy, security and operations.[70] He was knowledgeable on the transition of the overall mission in Iraq from USF-I to OSC-I, the long-term mission of OSC-I and OSC-I's relationship with the U.S. Embassy in Iraq.[71] He had great relationships with senior U.S. officials in the Embassy, and had great working relationships with them as well as great working relationships with senior Iraqi Officials, having worked with senior Iraqi Officials in Iraq's National Security Council, the Ministry of Defense, Ministry of Interior, as well as other Iraqi agencies.[72] Additionally, Mr. Haddad was also knowledgeable in Foreign Military Sales, which was to be a major part of the OSC-I mission in the months ahead.[73]

Alabbassi has no evidence to support his contention that he was discriminated against because of his national origin nor does he have any evidence that he is clearly better qualified. As such, his case should be dismissed with prejudice.

## IX. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment should be granted, and Alabbassi's case must be dismissed with prejudice.

---

[66] *Douglass v. United Servs, Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).
[67] Exhibit A and B.
[68] Exhibit A.
[69] *Id.*
[70] *Id.*
[71] *Id.*
[72] *Id.*
[73] *Id.*

Respectfully Submitted,

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
　　Ariel N. Wiley
　　Assistant United States Attorney
　　Texas Bar No. 24093366
　　Federal ID No. 2554283
　　1000 Louisiana, Suite 2300
　　Houston, Texas 77002
　　Telephone: (713) 567-9000
　　Facsimile: (713) 718-3303
　　Email: ariel.wiley@usdoj.gov

　　ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on March 23, 2020, the foregoing pleading was filed with the Court through the Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system and sent by certified mail and electronic mail to:

**Tariq Alabbassi**
PO Box 630441
Houston, TX 77263
Plaintiff Pro Se

　　　　　　　　　　　　　　　　　　　　/s/ *Ariel N. Wiley*
　　　　　　　　　　　　　　　　　　　　Ariel N. Wiley
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney